## WAMHOFF v. NEWCOMER.
### (No. 799.))

SALES—CONTRACT—ACTION FOR BREACH—SUFFICIENCY OF PETITION TO SUPPORT JUDGMENT.

1. Where a petition alleged that defendant sold, received pay for, and agreed to deliver a quantity of sugar beets at an agreed price, and that instead of sugar beets one-half of those delivered were mangel-wurzels, worth only half the value of sugar beets, further allegations of false and fraudulent representations might be stricken from the petition without affecting the cause of action; and the court having found that defendant sold and received pay for sugar beets, but delivered in part beets of an inferior quality, the petition was sufficient to sustain a judgment for plaintiff for the difference in value, for the defendant should return that difference, whether he honestly believed the beets delivered to be sugar beets or not, if in fact they were not.

[Decided December 17, 1914.]                    (144 Pac. 778.)

ERROR to the District Court, Big Horn County; HON. P. W. METZ, Judge.

Action by M. H. Newcomer against John H. Wamhoff. From a judgment for the plaintiff, the defendant brought error. The material facts are stated in the opinion.

*William C. Snow,* for plaintiff in error.

The finding that there was no fraud absolves the plaintiff in error from liability on the cause of action stated in the petition. The judgment does not follow the petition, for the action is in tort and the judgment is for breach of contract. (Pollock on Torts, (6th Ed.) 273; Pomeroy's Code Rem. (4th Ed.) Sec. 459). Having based the action on deceit the plaintiff cannot recover by showing a mere breach of contract. (Pomeroy's Code Rem., *supra;* Mahurin v. Harding, 28 N. H. 128, 59 Am. Dec. 401; Truesdale v. Burke, 145 N. Y. 612, 40 N. E. 83; Connell v. El Paso &c. Co., 33 Colo. 30, 78 Pac. 677; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Kress v. Woehrle, 23 Misc. (N. Y.) 472, 52 N. Y. Supp. 628; 20 Cyc. 108). Where a petition alleges

that the defendant knew his representations to be untrue it is necessary that the plaintiff prove actual knowledge. (Allison v. Jack, 76 Ia. 205, 40 N. W. 811; Avery v. Chapman, 62 Ia. 144, 17 N. W. 454). Recovery for false representations cannot be had without proof of the *scienter*. (Hubbard v. Weare, 79 Ia. 678). To constitute actionable fraud it must appear: 1. That defendant made a material representation. 2. That the representation was false. 3. That when it was made the defendant knew it to be false, or made it recklessly without any knowledge of its truth and as a positive assertion. 4. That it was made with the intention that it should be acted upon by the plaintiff. 5. That the plaintiff relied upon it. 6. That the plaintiff suffered injury thereby. The absence of any of these elements is fatal to recovery. (20 Cyc. 13; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; So. Ex. Co. v. Fox, (Ky.) 133 Am. St. Rep. 241). The gravamen of the petition is false representations with intent to deceive the plaintiff.

*R. L. Donley*, for defendant in error.

The action is one for breach of warranty and not for tort. The court will follow the theory of the case adopted by the trial court and the parties below. If it should be conceded that the petition sounds in tort and that the recovery is upon a breach of contract, the action grew out of the same transaction and this court will consider the petition amended so as to conform to the facts proven, since it is not shown that the plaintiff in error has been misled and it appears that substantial justice is done by the judgment. The error complained of should have been presented to the trial court by a motion for new trial, and that would necessitate a bill of exceptions to entitle the matter to consideration. (Comp. Stat. 1910, Secs. 4601, 4598; Supreme Court Rule 13; 29 Cyc. 763, 792). In order to take advantage of an adverse ruling objection must be made at the time. (Johnson v. Golden, 6 Wyo. 537; Boulter v. State, 6 Wyo. 66). The motion for new trial is not a part of the record unless incorporated in the bill of exceptions. (Boulter v. State,

*supra;* Freeburgh v. Lamoureux, 12 Wyo. 41; Garbanati v. Comm'rs., 2 Wyo. 257). There was not a material variance between the pleadings and proof. (Southmayd v. Southmayd, 5 Pac. 319; Hudson Coal Co. v. Hauf, 18 Wyo. 425; Hoff v. Banking Co., 24 N. Y. 589). When it is uncertain from the pleadings whether the action is founded in tort or on contract the court will consider the action as based on contract, and the appellate court will follow the theory of the case adopted by the trial court. (Selig v. Rehfuss, 195 Pa. St. 200, 45 Atl. 919; Kruger v. State, 135 Ind. 573, 35 N. E. 1019; Estes v. Nell, 163 Mo. 387, 63 S. W. 724; 31 Cyc. 723). The plaintiff waived the objection that the action sounds in tort and that the judgment is for a breach of warranty, when he failed to compel the plaintiff to make his petition more definite and certain, or to elect upon which theory he would pursue. (Marsh v. Webber, 13 Minn. 109; 1 Bates Pl. Pr. P. & F. 462; Scheftel v. Hot Springs Co., 77 N. Y. Suppl. 610, 71 App. Div. 616; 31 Cyc. 731; Walker v. Green, 128 Pac. 855; Keyes v. Ry. Co., (Minn.) 30 N. W. 888; Creager v. School Dist., (Mich.) 28 N. W. 794). Also by failing to object to the introduction of evidence. (Cosgriff v. Miller, 10 Wyo. 232; Plunkett v. R. Co., 77 Wis. 222; Pomeroy's Code Rem. (3rd Ed.) 632; 2 Cyc. 672, 724; Gascoigne v. El. R. Co., 239 Ill. 18, 16 Ann. Cas. 114; Mitchell v. Elevator Co., 15 N. D. 495, 11 Ann. Cas. 1001; Tuson v. Crosby, 52 N. E. 745; Chicago &c. R. Co. v. Dumser, 43 N. E. 699; Cordes v. Coates, 47 N. W. 949; Schroeder v. Pissis, (Cal.) 60 Pac. 758; Trump v. Tidewater, 46 W. Va. 238, 32 S. E. 1035; Marsh v. Webber, 13 Minn. 109). After judgment pleadings will be liberally construed. (Frontier Supply Co. v. Loveland, 15 Wyo. 313; Rawlins v. Jungquist, 16 Wyo. 404; Lumber Co. v. Coxe, 14 Ky. L. Rep. 143; Pomeroy's Code Rem., 649, 650).

Where the petition is susceptible of construction as declaring either on tort or contract, it is to be considered as declaring on contract. (31 Cyc. 85; 1 Bates Pl. Pr. P. & F. 462; Ry. Co. v. Chicago P. Co., 122 Ga. 11, 49 S. E.

727, 106 Am. St. Rep. 87; O'Connell v. Rosso, 36 Ark. 603, 20 S. W. 531; Central R. Co. v. Pickett, 87 Ga. 734, 13 S. E. 720). The nature of a pleading is to be determined from its general scope. (31 Cyc. 84; Ry. Co. v. DeBolt, 37 N. E. 737; Bogle v. Gordon, (Kan.) 17 Pac. 857). That the appellate court will follow the theory adopted by the trial court and the parties below, see: 2 Cyc. 670, 671, 672; Lesser Cot. Co. v. Ry. Co., 114 Fed. 133; Ins. Co. v. Hastings, 41 S. W. 1093; Manker v. W. U. Tel. Co., 137 Ala. 292, 34 So. 839; Ry. Co. v. Peterson, 43 N. E. 3; Grieve v. R. R. Co., 104 Ia. 659, 74 N. W. 192; Anderson Mach. Wks. v. Meyer, 44 N. E. 193; Provident L. & T. Co. v. McIntosh, 68 Kan. 452; Marshall v. Andrews, (N. D.) 79 N. W. 851; Chicago &c. R. Co. v. Vester, 93 N. E. 1039). The allegation in the petition as to false representations may be stricken as immaterial. (Comp. Stat., Secs. 4437, 4591; Lellman v. Mills, 15 Wyo. 149; Kuhn v. McKay, 7 Wyo. 142; 2 Bates Pl. Pr. P. & F. 1465; Rainsford v. Massengale, 5 Wyo. 1; Hunt v. Hoover, 24 Ia. 231; Culp v. Steere, 47 Kan. 746; Haley v. Kilpatrick, 104 Fed. 647; Coolot v. Kahner Co., 140 Fed. 836). Immaterial defects and errors which do not affect the substantial rights of the adverse party are to be disregarded. (Comp. Stat., Sec. 4438; Ramsay v. Johnson, 8 Wyo. 483; Cogswell v. Brown, 1 Mass. 237; Lincoln v. Mfg. Co., 142 Wis. 475, 125 N. W. 908; Palmer v. Jordan, 2 Ky. Dec. 143; Bank v. Luman, 6 Wyo. 123; Kemper v. Metzger, 81 N. E. 663; 2 Cyc. 703; 31 Cyc. 772, 769; Akin v. Davis, 11 Kan. 580).

*William C. Snow,* for plaintiff in error, in reply.

But one error is assigned, viz: that the judgment is inconsistent with the petition and the finding that there was no fraud, and that can be considered without a motion for new trial or bill of exceptions. (Seibel v. Bath, 5 Wyo. 409; Freeburgh v. Lamoureux, 12 Wyo. 41). The petition is not defective; nor is it indefinite or uncertain. But it charges defendant with fraud as the ground for the cause

of action. An action for breach of contract and for a malicious tort are so distinct that an action in tort cannot become one for breach of contract by mere failure to object to evidence.

BEARD, JUSTICE.

The defendant in error brought this action against the plaintiff in error in the District Court, alleging in his amended petition: "First. That on or about the 17th day of November, A. D. 1910, in consideration that the plaintiff would buy of the defendant certain beets for the price of Four and 50/100 Dollars per ton, the defendant falsely and fraudulently represented, with intent to deceive plaintiff and well knowing said representations were untrue, that said lot of beets contained Two Hundred and Twenty-eight (228) tons and that said beets were sugar beets. Second. That plaintiff, relying on said representations and believing them to be true, bought of the defendant 228 tons of sugar beets at $4.50 per ton, making the total amount which plaintiff paid the defendant the full sum of $1,026.00. Third. That said beets were not sugar beets, but were in fact mangel-wurzels, being an inferior quality of beets to sugar beets for feeding purposes, as the defendant well knew; and the defendant also knew that plaintiff purchased said beets for feeding purposes. Fourth. That said lot of beets contained only one hundred and fourteen and one-half (114½) tons, which the defendant well knew. Fifth. That the said mangel-wurzels were not worth to exceed the sum of two dollars and a quarter per ton, whereas sugar beets were worth $4.50 per ton, the same being the price plaintiff paid the defendant, believing the statements made by the defendant to plaintiff that said beets were sugar beets and not mangel-wurzels. Sixth. That plaintiff has been damaged in the full sum of Seven Hundred and Sixty-nine and 50/100 ($769.50) Dollars, for which he asks judgment with interest thereon from the 17th day of November, 1910, at the rate of 8% per annum."

The defendant answered, denying "each and every material allegation in said petition contained."

A jury was waived and the cause tried to the court, and, as requested by defendant, the court made in writing its findings of fact and conclusions of law. So far as necessary to here state, the court found that defendant agreed to raise in the year 1910 twenty acres of sugar beets and to sell the same to plaintiff at fifty cents per ton less than the market price in that year at Lovell, Wyoming, and that plaintiff agreed to purchase and pay for said beets at that price. That the market price at Lovell was $5.00 per ton. That defendant did not raise twenty acres of sugar beets, but only raised ten acres of sugar beets and ten acres of mangel-wurzels. That mangel-wurzels were of the value of $2.25 per ton and no more. That plaintiff paid to defendant for all of said beets at the rate of $4.50 per ton, amounting to $1,026.00.

"7. That there was no fraud or misrepresentations practiced by defendant on plaintiff, either as to the weight of said beets, or as to the kind and variety of beets that they were and defendant acted in good faith in connection with said transaction."

"8. That the defendant did not comply with the terms and conditions of said contract."

The court concluded as a matter of law that plaintiff was entitled to recover the difference between $4.50 and $2.25 per ton for one-half of the beets, or $256.50, and gave judgment accordingly. Defendant assigns error as follows: "1st. That finding of fact number 7, in the judgment aforesaid, absolves plaintiff in error from liability on the cause of action stated in the petition of defendant in error. 2nd. The judgment does not follow the petition, is not based thereon and is a departure therefrom. 3rd. The action is based upon tort and the judgment is for a breach of contract."

The only question presented here is whether the petition is sufficient to support the judgment. The petition is inartificially drawn and is lacking in that clearness and defi-

niteness in stating the facts constituting the cause of action which is to be desired in a pleading; but we think when liberally construed the material facts therein stated are, that the defendant sold, received pay for and agreed to deliver a quantity of sugar beets at an agreed price; that instead of sugar beets one-half of the beets delivered were not sugar beets, but were mangel-wurzels and worth only $2.25 per ton. The allegations of false and fraudulent representation might have been stricken from the petition without affecting the cause of action. If, as the court found, the defendant sold and received pay for sugar beets but delivered in part beets of an inferior quality he should restore the difference in value, whether he honestly believed them to be sugar 'beets or not, if in fact they were not. No prejudicial error being made to appear, the judgment of the District Court is affirmed. *Affirmed.*

SCOTT, C. J., and POTTER, J., concur.